**M. Gail Beals MILLER and Mildred M. Ramey (Mildred Gail Ramey Beals, Special Administrator for the Estate of Mildred M. Ramey, by Substitution), Plaintiffs-Appellants,**

v.

**Thomas E. LUNNON, Robert L. Lunnon, Richard T. Lunnon, and Donald E. Lunnon, Defendants-Appellees.**

**No. 84CA0300.**

Colorado Court of Appeals,
Div. IV.

March 14, 1985.

Rehearing Denied May 9, 1985.

Certiorari Denied Aug. 19, 1985.

David J. Miller & Associates, David J. Miller, Caroline Hotz, William W. Hughes, Greeley, for plaintiffs-appellants.

Stone & Associates, P.C., Royce Edward Tolley, Denver, for defendants-appellees.

SILVERSTEIN *, Judge.

The primary issue presented by this appeal is whether the trial court erred in granting the motion for summary judgment of defendants, Thomas E. Lunnon, Robert L. Lunnon, Richard T. Lunnon, and Donald E. Lunnon. We affirm.

In 1972, plaintiffs, M. Gail Beals Miller and Mildred M. Ramey, entered into a limited partnership agreement with Tri-B Associates, a real estate investment partnership whose general partners and general manager are defendants herein. The partnership agreement provided that plaintiffs would contribute certain property located in Jefferson County to the limited partnership and that defendants, in their capacity as Tri-B Associates, would use their financial connections, financial resources, and management experience to develop the property into a condominium project.

When it became apparent that the property would not be developed, plaintiffs filed an action in Jefferson County District Court seeking rescission of the partnership agreement and return of the property or, in the alternative, dissolution of the partnership. The trial court's denial of plaintiff's request for rescission and its order for dissolution and sale of the property were affirmed by this court in *Beals v. Tri-B Associates*, 644 P.2d 78 (Colo.App.1982). That affirmation was based, in part, on the trial court's finding that the capability to develop profitably the property existed at the time the contract had been executed, but that events occurring subsequent to formation of the partnership made development commercially impractical.

A second appeal from orders entered in the Jefferson County action was filed by plaintiffs in August 1982, but that appeal was dismissed. *Miller v. Tri-B Associates*, (Colo.App. No. 82CA0958, November 1, 1984) (not selected for official publication). As pertinent here, this appeal sought review of the trial court's denial of plaintiffs' right of first refusal to purchase the property and its refusal to entertain an inquiry into the adequacy of the proposed sale price. The appeal was dismissed because, when it was initiated, sale of the partnership property was pending and an accounting and distribution of the assets was forthcoming; thus, no final and appealable order had been entered.

On July 29, 1982, plaintiffs filed this action in Adams County District Court. Their complaint set forth four "causes of action" against defendants, *i.e.*, breach of contract, breach of fiduciary duty, restitution, and detrimental reliance, and sought damages as well as return of the property or its fair market value. With the exception of the claim for breach of fiduciary duty, defendants' alleged failure to develop the property formed the basis of plaintiffs' claims; the detrimental reliance claim was also based on defendants' representations regarding plaintiffs' contractual right to first refusal. The eventual sale of the property, pursuant to orders in the Jefferson County action, for an allegedly inadequate price gave rise to plaintiffs' breach of fiduciary duty claim.

Defendants sought summary judgment on the ground that the Jefferson County action barred plaintiffs' claims. In granting defendants' motion, the trial court found that all of plaintiffs' claims arose from entry into the limited partnership and that the claims could have been and should have been litigated in the Jefferson County action. It then concluded that the doctrine of *res judicata* applied to bar this action.

I.

In support of their claim that summary judgment was improperly granted, plaintiffs argue that because the Jefferson

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl. Vol. 10).

County action was pending resolution on appeal, it did not constitute a final judgment for purposes of *res judicata*. We disagree.

Although this precise question has not been addressed by the Colorado courts, a similar issue was addressed in *Jefferson County School District No. R-1 v. Industrial Commission*, 698 P.2d 1350 (Colo. App. No. 83CA0615, June 28, 1984). There, we held that "the pendency of a review proceeding does not suspend the operation of an otherwise final administrative action unless the review removes the entire case to the appellate court for *de novo* consideration or is suspended by a supersedeas order." Thus, in *Jefferson County*, we concluded that the previous administrative action constituted a final action to which the doctrine of collateral estoppel could be applied in a subsequent administrative proceeding.

This determination was based, in part, on Restatement (Second) of Judgments § 13 comment f (1982), which provides:

> "[A] judgment can be considered final for purposes of *res judicata* when proceedings have been taken to reverse or modify it by appeal. The better view is that a judgment otherwise final remains so despite the taking of an appeal unless what is called an appeal actually consists of a trial *de novo*...."

Further, it has been held that perfecting an appeal, absent a stay order, does not prevent execution of a judgment. *England v. Colorado Agency Co.*, 145 Colo. 310, 359 P.2d 1 (1961); *Oman v. Morris*, 28 Colo.App. 124, 471 P.2d 430 (1970); *see also First National Bank v. District Court*, 652 P.2d 613 (Colo.1982).

■ In light of these principles, we hold that, for the purposes of *res judicata*, the pending appeal did not suspend the operation of the otherwise final Jefferson County action, which had not been suspended by a supersedeas order and was not subject to *de novo* review.

## II.

Plaintiffs contend, however, that the claims asserted in the Jefferson County action are not identical to those asserted here; thus, the doctrine of *res judicata* is inapplicable. Again, we disagree.

■ Under *res judicata* an existing judgment is conclusive of the rights of the parties in any subsequent suit on the same claim. The doctrine bars relitigation not only of all the issues actually decided, but of all issues that might have been decided. *Manka v. Martin*, 200 Colo. 260, 614 P.2d 875 (1980); *Pomeroy v. Waitkus*, 183 Colo. 344, 517 P.2d 396 (1973). Applicability of the doctrine depends on whether there is, in both the previous and subsequent actions, identity of the cause of action, identity of subject matter, identity of parties, and identity of capacity in the persons for whom or against whom the claim is made. *Westminister v. Church*, 167 Colo. 1, 445 P.2d 52 (1968).

■ Where judgment on the merits is rendered in favor of a defendant in an action in which plaintiff may have two or more alternative remedies, *res judicata* bars maintenance of a subsequent action to enforce a remedy plaintiff did not seek in the former action. *McDermott v. Bent County, Colorado Irrigation District*, 135 Colo. 70, 308 P.2d 603 (1957). But, where issues and controversies arise between the parties many months after final judgment in the first case and present an entirely new cause of action based upon a subsequent breach of contract, *res judicata* will not be applied to bar a cause of action for the subsequent breach. *Hizel v. Howard*, 144 Colo. 15, 354 P.2d 611 (1960).

■ Here, plaintiffs seek damages for breach of contract and detrimental reliance, and restitution of the property or its fair market value. These claims are based on defendants' failure to develop the property and plaintiffs' reliance on defendants' representations as to their right of first refusal, issues which have been previously litigated. Accordingly, *res judicata* is applicable to prevent plaintiffs from relitigating these claims even though they seek different relief.

Plaintiffs' claims regarding inadequacy of sales price and their right of first refus-

al constitute the alleged breach of fiduciary duty. Although the sale of the property occurred after the filing of the Jefferson County action, both of these claims have been asserted and determined therein. Hence, *res judicata* is applicable as a bar to relitigation of these claims.

We also reject plaintiffs' contentions that *res judicata* is inapplicable because the requirements of identity of subject matter, identity of parties to the action, and identity of capacity in the persons asserting the doctrine do not exist.

■ Here, the subject matter is identical to that in the Jefferson County action—conveyance of property by plaintiffs to defendants and the formation, and subsequent dissolution, of the limited partnership. The requirement of identity of parties is satisfied because plaintiffs, the parties against whom the doctrine of *res judicata* is asserted, are parties to the Jefferson County action. *See Manka v. Martin, supra.* Finally, defendants are named individually in the Jefferson County action, as they are herein, so the requirement of identity of capacity has been met.

### III.

■ Next, plaintiffs contend that the trial court's denial of defendants' motion for change of venue precludes the granting of summary judgment on the basis of *res judicata.* Again, we disagree.

The motion for change of venue was denied pursuant to C.R.C.P. 98(c), which provides that venue is proper in the county in which defendants, or any of them, reside. In ruling on the motion, the court commented that it felt the issue of damages was separate from the case in Jefferson County. This comment was pertinent only to defendants' request for change of venue to Jefferson County, not to defendants' motion for summary judgment which had not yet been filed.

### IV.

■ Finally, plaintiffs contend that summary judgment was improper because their pleadings raised genuine issues of material fact with respect to defendants' liability for damages and to the application of *res judicata.* These contentions are without merit.

First, as discussed above, plaintiffs' pursuit of damages does not constitute a new claim for relief, but rather is an attempt to obtain relief not sought in the former action in which defendants' liability to plaintiffs for failure to develop the property was fully and finally litigated. Second, plaintiffs have failed to set forth specific facts in their pleadings or arguments in opposition to defendants' motion for summary judgment showing that there is a genuine issue for trial with respect to the application of *res judicata. See Mishek v. Stanton,* 200 Colo. 514, 616 P.2d 135 (1980).

Judgment affirmed.

ENOCH, C.J., and HODGES*, J., concur.