**Carl KALE, Plaintiff,**

v.

**COMBINED INSURANCE COMPANY OF AMERICA, Defendant.**

**Civ. A. No. 89–1640–T.**

United States District Court, D. Massachusetts.

May 1, 1990.

**1184**

Paul L. Nevins and Philip R. Olenick, Boston, Mass., for plaintiff.

Kenneth M. Bello, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., Boston, Mass., for defendant.

## MEMORANDUM

TAURO, District Judge.

Plaintiff, Kale is a Massachusetts resident and a twenty year employee of Defendant and its predecessor-in-interest. In May 1989, he brought an action in Middlesex County Superior Court alleging a host of state law claims stemming from his employment termination in March 1983. Defendant, Combined, an Illinois corporation with a principal place of business in that state, timely removed the action to this court on the basis of diversity of citizenship.

Now, Combined asks this court to dismiss this case on *res judicata* grounds.[1] It argues that the claims raised now by Kale could have been asserted in a 1985 federal suit filed by him, that was later dismissed by Judge Skinner in September 1986. Combined argues further that Kale's failure to raise these claims in the 1985 suit precludes them now.

This motion to dismiss raises the novel question of whether a plaintiff asserting federal question jurisdiction in federal court must, on pain of later preclusion, also assert diversity jurisdiction, where available, in order to join all related state claims.

### I.

Back in May 1985, Kale filed a civil action in the United States District Court for the District of Massachusetts, alleging that his employment was terminated in violation of the Age Discrimination in Employment Act ["ADEA"], 29 U.S.C. § 621, *et seq. See Carl Kale v. Combined Insurance Company of America,* C.A. No. 85–1840–S (D.Mass. dismissed Sept. 26, 1986) (Skinner, J.) [*"Kale I"*]. In addition, Kale's complaint raised state law claims of intentional infliction of emotional distress and breach of the covenant of good faith and fair dealing.[2]

With respect to the state claims, Kale asserted discretionary pendent jurisdiction. Diversity jurisdiction was never properly plead.[3]

---

1. Here, *res judicata* is used in its narrower sense to describe the doctrine of claim preclusion pursuant to which "a final judgment on the merits bars a new suit on the same claim or cause of action." 1B J. Moore, J. Lucas & T. Currier, *Moore's Federal Practice,* ¶ 0.401 n. 13 (2d ed. 1984).

2. The claim for intentional infliction of emotional distress was voluntarily dismissed on October 8, 1985.

3. Although Kale nominally cited 28 U.S.C. § 1332 among a list of jurisdictional citations in his original federal complaint, he failed to make the requisite pleading as to jurisdictional amount. *See* 28 U.S.C. § 1332(a). The burden of proving the existence of the elements necessary for diversity jurisdiction, of course, lies with the pleader. *See Thomson v. Gaskill,* 315 U.S. 442, 446, 62 S.Ct. 673, 675, 86 L.Ed. 951 (1942) (finding plaintiff responsible for claiming the sufficiency of jurisdictional amount); *Topp v. CompAir, Inc.,* 814 F.2d 830, 839 (1st Cir.1987). Kale made no formal allegation that he had met the jurisdictional amount requirement. *See Berman v. New Hampshire Jockey Club, Inc.,* 292 F.Supp. 993, 998 (D.N.H.1968). Moreover, the only specific monetary claim in the complaint which could colorably satisfy the jurisdictional amount pleading requirement was a $1,000,000 claim for intentional infliction of emotional distress. This claim was voluntarily dismissed by Kale nearly one year before Judge Skinner allowed the motion for summary judgment in *Kale I.* No jurisdictional amount remained, therefore, once the intentional infliction claim was excised.

*Kale I*'s ADEA claim was dismissed as time-barred. *See Kale I, aff'd*, 861 F.2d 746 (1st Cir.1988). With the lone federal claim gone, the court, having no apparent independent jurisdictional basis for adjudicating the related state claims, declined to exercise pendent jurisdiction. *Id.* (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966)). With respect to these state claims, the court purported to dismiss them "without prejudice."

In this action, *Kale II*, which was removed from state court on the basis of diversity of citizenship,[4] plaintiff asserts several state law claims of wrongful termination.[5] Combined moves to dismiss because the claims raised in *Kale II* should have been included in the *Kale I* action. It contends that, had diversity jurisdiction been plead in *Kale I*, the state law claims could have been adjudicated on the merits. And so, because the pendent state claims *could* have been adjudicated in *Kale I*, pursuant to the court's mandatory diversity jurisdiction, they are now barred.

Kale's response is that the court in *Kale I* specifically dismissed the state claims "without prejudice." He argues, that these wholly state-created claims cannot now be barred by the fortuity of defendant's having removed *Kale II* to federal court.[6]

## II.

*Res judicata* is a firmly rooted rule of " 'fundamental and substantial justice,' " not " 'a mere matter of practice or procedure inherited from a more technical time

than ours.' " *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 401, 101 S.Ct. 2424, 2429, 69 L.Ed.2d 103 (1981) (quoting *Hart Steel Co. v. Railroad Supply Co.*, 244 U.S. 294, 299, 37 S.Ct. 506, 508, 61 L.Ed. 1148 (1917)). Indeed, once the elements for claim preclusion have been established, there is little room for the making of " 'ad hoc determination[s] of the equities in a particular case.' " *See Rose v. Town of Harwich*, 778 F.2d 77, 82 (1st Cir.1985) (quoting *Moitie*, 452 U.S. at 401, 101 S.Ct. at 2429). Because public policy demands that there be an end to litigation, the doctrine has been consistently invoked to "protect adversaries from the expense and vexation attending multiple lawsuits," "conserve[ ] judicial resources," and "foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Walsh v. International Longshoremen's Assoc., Local 799*, 630 F.2d 864, 867–68 (1st Cir.1980) (citations omitted). *See also Allen v. McCurry*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1980).

A claim is deemed precluded when there is: "(1) identity or privity of the parties to the action; (2) identity of the causes of action; and (3) a prior judgment on the merits." *Associated General Contractors v. Boston District Council of Carpenters*, 642 F.Supp. 1435, 1438 (D.Mass.1986).

Here, the parties are identical. No one argues otherwise, nor does this suit's caption differ from the original one.

With respect to the identity of claims, the Restatement (Second) of Judgments makes clear that claims or causes of action are

---

4. Kale has never disputed that diversity jurisdiction was available in both *Kale I* and *Kale II.*

5. Specifically, Kale seeks a declaration that he had the right to continued employment terminable only for just cause, and that Combined was bound to its predecessor-in-interest's promise that Kale's employment was extended and maintained on that basis. Counts I, II. Counts III, IV, and V claim breach of an implied contract, an oral contract, and an employment contract, respectively. Count VI charges Combined with having negligently breached both the implied covenant of good faith and fair dealing and specific contractual rights. Finally, count VII alleges promissory estoppel.

6. At oral argument, Combined expressly contested the suggestion that, had they allowed the suit to go forward in state court, a divergent result on *res judicata* grounds would have been permissible. Its counsel stressed that a state court would have been compelled to raise the same bar against any claims which could have, and thus should have, been raised in *Kale I. See Anderson v. Phoenix Investment Counsel of Boston, Inc.*, 387 Mass. 444, 440 N.E.2d 1164 (1982) (ruling that preclusive effects of a federal judgment should be determined under federal law, and that failure to assert state claims under federal court's pendent jurisdiction raised bar to second action in state court).

identical for claim preclusion purposes when they are "part of the transaction, or series of connected transactions, out of which the action arose." Restatement (Second) of Judgments, § 24(1) (1980). *See also Rose,* 778 F.2d at 79. Applying the federal definition of a claim or cause of action, *Kale I* and *Kale II* arise from the same core of operative facts—Combined's termination of Kale—and as such, constitute the same claim.[7]

Lastly, the dismissal of *Kale I* on statute of limitations grounds constituted a valid and final judgment. There is overwhelming support for giving preclusive effect to dismissals based on the statute of limitations. *See Thompson Trucking, Inc. v. Dorsey Trailers,* 880 F.2d 818 (5th Cir. 1989); *Shoup v. Bell & Howell Co.,* 872 F.2d 1178 (4th Cir.1989); *PRC Harris v. Boeing Co.,* 700 F.2d 894 (2d Cir.1983); *Myers v. Bull,* 599 F.2d 863 (8th Cir.1979); *Cemer v. Marathon Oil Co.,* 583 F.2d 830 (6th Cir.1978); *Chang v. Northwestern Memorial Hosp.,* 549 F.Supp. 90 (N.D.Ill. 1982); 18 C. Wright, A. Miller & E. Cooper, 18 *Federal Practice and Procedure,* § 4441 (1981) [Wright & Miller]. *Cf. Rose,* 778 F.2d at 80 ("For one thing, our survey of recent cases suggests a clear trend toward giving preclusive effect to dismissals based on the statute of limitations.") Once there is such an adjudication on the merits, all related claims that could have been brought are extinguished. *See Moitie,* 452 U.S. at 398, 101 S.Ct. at 2428; *Isaac v. Schwartz,* 706 F.2d 15, 17 (1st Cir.1983) ("The issue is 'not whether the plaintiff in fact argued his ... claims in the [first] proceeding, but whether he could have.' ") (quoting *Lovely v. Laliberte,* 498 F.2d 1261, 1263 (1st Cir.1974)); Restatement (Second) of Judgments, § 24(1); Wright & Miller, § 4411 at 86 ("A second action may be precluded on the ground that the same claim or cause of action was advanced in the first action even though a different source of law is involved.")

## III.

■ Combined's motion to dismiss theorizes that not only all legal theories should have been brought in *Kale I,* but also that all jurisdictional bases, including diversity jurisdiction, should have been asserted as well. This court agrees. Indeed, several Supreme Court Justices have expressed this view with respect to the assertion of contingent pendent jurisdiction in an original federal question case.[8] *See Moitie,* 452 U.S. at 404, 101 S.Ct. at 2431 (Blackmun, J., with whom Marshall, J. joins, concurring in judgment) ("The dismissal of *Brown I* is *res judicata* not only as to all claims respondents actually raised, but also to all claims that could have been raised."). *Id.* at 411, 101 S.Ct. at 2434 (Brennan, J., dissenting) ("[I] would hold that the dismissal of *Brown I* is *res judicata* not only as to every matter that was actually litigated, but also as to every ground or theory of recovery that might have been presented.").[9]

■ The only Circuit Court of Appeals answering this question with respect to

---

**7.** Even though some different claims are raised in the second action, for purposes of claim preclusion they are nonetheless the same:

That a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims. This remains true although the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kind of relief.

Restatement (Second) of Judgments, § 24(2) comment c.

**8.** In *Moitie,* after a federal antitrust action was dismissed for failure to assert a proper injury, a second action removed to federal court asserting state law theories was *res judicata.* The majority believed that it only needed to reach the question of whether the federal law claims were precluded. It left unanswered the question whether the state claims were also foreclosed. On remand, however, the Court of Appeals, agreeing with the reasoning of Justice Blackmun's concurrence, ruled that the state claims were *res judicata.*

**9.** Courts of Appeals have reached the same result. *See, e.g., Harper Plastics v. Amoco Chemical Corp.,* 657 F.2d 939 (7th Cir.1981) (failure to assert discretionary pendent jurisdiction barred second action); *Woods Exploration & Producing Co. v. Aluminum Co. of America,* 438 F.2d 1286 (5th Cir.1971), *cert. denied,* 404 U.S. 1047, 92 S.Ct. 701, 30 L.Ed.2d 736 (1972) (same).

diversity jurisdiction has held that a failure to assert the existence of diversity jurisdiction over state claims in a prior federal action precludes their assertion in a second action. *See Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361 (7th Cir.1988). The facts of *Shaver* are extraordinarily similar to those here. There, too, a federal action under the ADEA and various pendent state claims was brought by a former employee. After finding the federal claim time-barred, the district court refused to exercise pendent jurisdiction over the state claims. A second action brought in state court was removed to federal court on the basis of diversity of citizenship. Once there, the defendant moved for summary judgment on *res judicata* grounds and on the merits. Passing over the *res judicata* issue, the district court entered a summary judgment in defendant's favor on the merits.

The Court of Appeals for the Seventh Circuit, believing that the lower court should have avoided deciding the state law issues if it could have ruled solely on *res judicata* grounds, likewise dismissed the second suit, but for reasons of claim preclusion.[10]

### IV.

Even when, as here, the preconditions for preclusion are met, some courts have recognized the necessity of an "occasional exception to prevent undue hardship." *See Rose*, 778 F.2d at 82. *See also Moitie*, 452 U.S. at 403, 101 S.Ct. at 2430 (Blackmun, J., with whom Marshall, J. joins, concurring in judgment). *Rose* would require a plaintiff to show clearly and convincingly that the policies favoring preclusion in the second action are outweighed by an extraordinary

reason. *Rose*, 778 F.2d at 82 (citing Restatement (Second) of Judgment, § 26(1)(f)). This is not such a case. There were no jurisdictional obstacles to Kale bringing his state claims under the district court's mandatory diversity jurisdiction.[11]

Similarly, Kale cannot complain that he was " 'caught in a mesh of procedural complexities.' " *Moitie*, 452 U.S. at 403, 101 S.Ct. at 2430 (quoting *Reed v. Allen*, 286 U.S. 191, 209, 52 S.Ct. 532, 537, 76 L.Ed. 1054 (1932) (Cardozo, J., joined by Brandeis and Stone, JJ., dissenting)). The application of *res judicata* to this case is not unduly formalistic, but rather flows as a natural consequence of the application of claim preclusion.[12]

Kale also appears to argue that the policy behind *res judicata* is not served in this case. Specifically, Kale contends that if there had not been complete diversity, his second action would not have been barred. That argument, however, misses the point. The policies of efficiency, fairness, and repose are served by application of the *res judicata* bar. *See Shaver*, 840 F.2d at 1367 n. 2 ("Multiple lawsuits in separate forums, as well as requiring more than one court to analyze and digest the facts of a case, all have the effect of harassing defendants and wasting judicial manpower—the precise dangers the doctrine intends to prevent."). The doctrine of claim preclusion requires that, barring a jurisdictional obstacle, a plaintiff allege all legal theories for relief flowing from a transaction or series of transactions in his first *voluntarily chosen* forum.[13]

Relying on the dissenting opinion in *Shaver*, Kale also contends that the prohi-

---

**10.** Professors Wright and Miller, commenting on the *Shaver* decision, agree that "a plaintiff who could invoke both federal and diversity jurisdiction should not be allowed to bypass the opportunity to secure a single adjudication of all claims." Wright & Miller, § 4412 at 67–68 n. 0.6 (Supp.1990).

**11.** Kale's failure to join all theories and jurisdictional bases might have been forgivable if he had a good reason for not being aware of the opportunity to assert diversity jurisdiction. *See* Wright & Miller, § 4412 at 68 n. 0.6 (Supp. 1990). He knew that the parties had diverse citizenship, and indeed made a failed attempt at claiming such jurisdiction.

**12.** Indeed, as Wright and Miller explain, where a federal court has full, independent jurisdiction over all legal theories (i.e., federal question and diversity jurisdiction), "several decisions have ruled that ... there is a single claim, all parts of which must be presented to the first court chosen." Wright & Miller, § 4412 at 95.

**13.** At least one case goes far further than the rule articulated today. *See Falk v. State Bar of Michigan*, 631 F.Supp. 1515, 1521 (W.D.Mich. 1986) ("Plaintiff should not be allowed to hale defendant into a second court simply because the first court in which he chose to sue defendant could not consider all the various theories

bition against claim-splitting should not apply when the claims are involuntarily split. The case cited on this point by the *Shaver* dissent, *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 563 (5th Cir.1983), stated a general rule that pendent claims that a federal court refused to entertain should not later be barred. That rule makes sense because, in such a case, a party would have been unable, "through no fault of his own," to have the claims adjudicated in the first forum. *Id.* at 563. In *Nilsen,* however, it was "not the procedural system of the forum that precluded the joinder of all asserted remedies in one proceeding...." *Id.* The court pointed out that "[t]he system itself was ... ready and able to accommodate [plaintiff's] claims...." *Id.* Instead, it was the plaintiff who split her claim. Similarly, here, the claim-splitting was voluntary. Kale chose the federal forum and then elected to forego his right to invoke mandatory diversity jurisdiction.

Finally, Kale argues that his second action must not be precluded because his pendent state claim was explicitly dismissed "without prejudice" in *Kale I.* His attempt to distinguish *Shaver* on this basis is unpersuasive. With the exception of not incanting the magic words "without prejudice," in both cases, pendent state claims were dismissed for lack of jurisdiction. Dismissals for lack of jurisdiction are not "on the merits." *See* Fed.R.Civ.P. 41(b). *See also Hughes v. United States*, 4 Wall. (71 U.S.) 232, 237 (1866). *Cf. Rose,* 778 F.2d at 79.

### V.

For the reasons stated above, defendant's Motion To Dismiss Or, In The Alternative, Motion For Entry Of Summary Judgment is hereby ALLOWED.

An order will issue.

arising from his single cause of action."). *But see Wright & Miller,* § 4412 at 66 (Supp.1990) ("It is clear enough that a litigant should not be penalized for failing to seek a unified disposi-

tion of matters that could not have been combined in a single proceeding."); Restatement (Second) of Judgments, § 26, comment c.