Sahran I. SHAOUL, Plaintiff–Appellant,

v.

GOODYEAR TIRE & RUBBER, INC.,
an Ohio corporation; and Richard C.
Schossler, Defendants–Appellees.

No. 89CA1814.

Colorado Court of Appeals,
Div. I.

Dec. 20, 1990.

Rehearing Denied Jan. 31, 1991.

Certiorari Denied Aug. 19, 1991.

Law Offices of Richard C. LaFond, Richard C. LaFond, Denver, for plaintiff-appellant.

Sherman & Howard, Lee Dale, N. Dawn Webber, Denver, for defendants-appellees.

Opinion by Judge TURSI.

Plaintiff, Sahran I. Shaoul, appeals the summary judgment entered in favor of the defendants, Goodyear Tire & Rubber and Richard Schossler. The dispositive issue here is whether the adjudication of plaintiff's claims against defendants in a federal district court action bars his state court action in which he asserts claims arising out of a common nucleus of facts. Concluding that the core facts of his claims were litigated, that he should have litigated all of his claims in the federal district court action, and that plaintiff's state court claims are precluded by the doctrine of *res judicata*, the trial court granted defen-

dants' motion for summary judgment. We affirm.

Plaintiff was employed for several years by defendant, Goodyear Tire and Rubber, Inc. During the period that he was supervised by defendant Schossler, plaintiff, because of his ethnic heritage and religion, alleged that he was the target of unfair and discriminatory practices in the workplace which manifested themselves in a number of ways. Ultimately, plaintiff was terminated by Goodyear.

On June 30, 1986, plaintiff filed his complaint in state district court. Upon amendment, the complaint included claims sounding in breach of implied contract, wrongful discharge, and discrimination in violation of 42 U.S.C. § 1981 (1988).

On July 8, 1986, plaintiff filed a complaint against Goodyear in the United States District Court for Colorado, incorporating the identical detailed factual allegations contained in the state court complaint. The district court complaint contained two Title VII claims which alleged that Goodyear had engaged in discriminatory and retaliatory employment practices with respect to plaintiff's compensation, terms, and conditions of his employment. Trial on the federal district court complaint was to the court which dismissed those two claims with prejudice. Judgment on the dismissal was entered on November 17, 1988, and was upheld on appeal.

In the state court, Goodyear and Schossler then moved for summary judgment on the grounds that *res judicata* barred plaintiff from proceeding with his state law claims. The trial court dismissed the implied breach of contract claim for failure to state a claim and, based upon *res judicata* grounds, entered summary judgment on the remaining claims.

## I.

Although plaintiff concedes that the federal court's dismissal of his two claims pertaining to discriminatory practices is *res judicata* to his § 1981 claim in state court, he argues that the trial court erroneously dismissed his remaining claims. He contends that the federal and state court claims are not identical and do not share a common nucleus of fact. We disagree.

## A.

Claim preclusion prohibits a party from reasserting a previously adjudicated claim, including any matter that could or might have been asserted in the previous action, even if it was not actually asserted. *Pomeroy v. Waitkus*, 183 Colo. 344, 517 P.2d 396 (1974). It may also bar maintenance of a subsequent action to enforce a remedy plaintiff did not previously seek. *McDermott v. Bent County, Colorado, Irrigation District*, 135 Colo. 70, 308 P.2d 603 (1957); *Miller v. Lunnon*, 703 P.2d 640 (Colo.App.1985).

In order for claim preclusion to operate as a complete defense, the previous and subsequent actions must possess identity of the cause of action, identity of subject matter, identity of parties, and identity of capacity in the persons for whom or against whom the claim is made. *Westminster v. Church*, 167 Colo. 1, 445 P.2d 52 (1968); *Miller v. Lunnon, supra.*

The "identity of parties" requirement contemplates that the plea will be asserted against those parties who were in privity with a party to the previous action, while the "same cause of action" requirement is bounded by the injury for which relief is demanded, not by the legal theory on which the person asserting the claim relies. *State Engineer v. Smith Cattle, Inc.*, 780 P.2d 546 (Colo.1989).

■ Although plaintiff named Goodyear and four individuals as defendants in the state action, only Schossler remained a party to the suit at the time of judgment. None of the state claims were brought against him personally. "[I]t is not required that the party asserting the plea of *res judicata* must have been a party, or in privity with a party, to the earlier litigation which finally determined the identical issue sought to be relitigated." *Murphy v. Northern Colorado Grain Co.*, 30 Colo. App. 21, 488 P.2d 103 (1971). Consequently, the state court properly concluded that Schossler's presence in state court did not

defeat the "identity of parties" requirement.

■ Moreover, the "same cause of action" requirement is fulfilled inasmuch as plaintiff's claims for implied breach of contract and wrongful discharge seek damages for the same injury for which he sought redress in the federal court. The claims are based on Goodyear's termination and treatment of plaintiff during his employment. These issues were, or could have been, previously litigated.

Because the remaining requirements are undisputedly fulfilled, *res judicata* applies to prevent plaintiff from litigating these claims despite his request for different relief. *See Miller v. Lunnon, supra.*

### B.

■ We also reject plaintiff's contention that his breach of implied contract claim was exempt from dismissal because it failed to arise from the same transaction litigated in federal court.

Although our reasoning differs from that of the trial court, we conclude that plaintiff's claims were properly barred. Therefore, its judgment on the matter will be upheld, and the validity of its reasoning will not be considered. *See People v. Cerrone*, 780 P.2d 562 (Colo.App.1989).

*Res judicata* bars relitigation of matters which could have been raised in the prior proceeding to prevent parties from splitting their cause of action and instituting separate suits for the same claim. Consequently, a party may not bring a subsequent suit arising out of the same transaction from which a previously adjudicated action arose. Restatement (Second) of Judgments § 24(1) (1982).

Although a transaction may give rise to multiple injuries, theories of recovery, and measures of relief, a plaintiff who relies upon one transaction to support state and federal claims should bring one action in the court which possesses jurisdiction to adjudicate all claims. Restatement (Second) of Judgments § 24 comment c and § 25 comment e (1982).

If a plaintiff commences and litigates an action in federal court but omits state court causes of action arising from the same transaction, his claim is extinguished upon adjudication. Consequently, here, plaintiff is barred from maintaining a second action on a different theory in state court. Restatement (Second) of Judgments § 25 comment e, illustration 10 (1982) (reporter's note); *see Nilsen v. Moss Point, Mississippi*, 701 F.2d 556 (5th Cir.1983); *Cemer v. Marathon Oil Co.*, 583 F.2d 830 (6th Cir. 1978).

Plaintiff, however, argues that the federal court would have declined to exercise pendent jurisdiction over his state claims. We reject this argument.

Although the federal court's exercise of pendent jurisdiction is discretionary, considerations of judicial economy, fairness, and the underlying intent of 42 U.S.C. § 2000e, prevail upon the court to exercise its jurisdiction over state claims arising out of the same common nucleus of facts which give rise to Title VII claims. *Jones v. Intermountain Power Project*, 794 F.2d 546 (10th Cir.1986). The opinion in Jones was rendered on June 16, 1986, reversing previous federal district court cases that had refused to exercise pendent jurisdiction in Title VII cases.

It is undisputed that all of plaintiff's claims arose out of the same set of operative facts. Accordingly, we conclude that plaintiff may not divide his claim based on speculation that the federal court would decline to exercise pendent jurisdiction in the Title VII case. *See Kale v. Combined Insurance Co.*, 736 F.Supp. 1183 (D.Mass. 1990).

Any doubts concerning the federal court's exercise of pendent jurisdiction should be resolved in favor of joinder. *Harper Plastics v. Amoco Chemicals Corp.*, 657 F.2d 939 (7th Cir.1981). In the event the federal court had declined jurisdiction, then "the state claims [could have been] dismissed without prejudice and left for resolution to state tribunals." *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Therefore, owing to the state court's obligation to give full faith and credit to federal court judgments, the court properly dismissed all of plaintiff's state court claims on the basis that claim preclusion barred their further litigation. *See* 28 U.S.C. § 1738 (1988); *Stoll v. Gottlieb*, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938).

The judgment is affirmed.

PIERCE and PLANK, JJ., concur.