Rebecca **SHUMAKER**, Appellant,

v.

**IOWA DEPARTMENT OF TRANSPORTATION, Harold Whitmore, and Charles Pickett, Appellees.**

No. 94–1454.

Supreme Court of Iowa.

Dec. 20, 1995.

Roxanne Barton Conlin of Roxanne Conlin & Associates, P.C., Des Moines, and Timothy A. Lynch of Van Orsdel, Lynch & Rouse, L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, David A. Ferree, Special Assistant Attorney General, and Mark Hunacek, Assistant Attorney General, for appellees.

Considered by LARSON, P.J., and CARTER, NEUMAN, ANDREASEN, and TERNUS, JJ.

LARSON, Justice.

The district court granted summary judgment to the defendants on the basis of claim preclusion in the plaintiff's suit for sexual harassment under Iowa Code chapter 601A (1989) (now chapter 216). We affirm.

Rebecca Shumaker filed suit in federal district court, alleging employment discrimination and sexual harassment. Her complaint included a federal Title VII claim (*see* 42 U.S.C. § 2000e) and an Iowa Civil Rights claim (*see* Iowa Code ch. 601A (1989)). The defendants named were the Iowa Department of Transportation (DOT) and Shumaker's immediate supervisors.

The federal court found that Shumaker had been subjected to sexual harassment resulting from a hostile work environment. It granted Title VII relief, including an injunction and attorney fees. It did not, however, rule on Shumaker's claim under Iowa Code chapter 601A. Rather, it stated:

Following the trial in this matter the [court] requested the parties to prepare proposed findings of fact and conclusions of law for the court's consideration. In her proposed order, plaintiff concedes that an action under Iowa Code [chapter] 601A is not permitted under the facts of this case and the Eleventh Amendment, [and] the court will consider this as a *withdrawal* of the claim arising under Iowa Code [chapter] 601A. Therefore, further discussion of this claim is unnecessary.

(Emphasis added.) The Eleventh Amendment, to which the federal district court referred, provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by Citizens of another State. . . .

In view of the federal court's understanding that Shumaker had withdrawn her state claim, its conclusions and order for relief stated:

IT IS FURTHER ORDERED that plaintiff's request for relief under Iowa Code chapter 601A for violations of her civil rights she suffered while employed by the Iowa Department of Transportation at

the West Garage, Des Moines, Iowa, is denied as moot.

The federal court did not rule that it lacked jurisdiction to hear the plaintiff's state-law claim. The plaintiff did not request a clarification of the order, nor did she request that the court consider her state claim under the federal court's pendent jurisdiction. Neither party appealed the federal court's ruling.

On September 1, 1992, Shumaker filed a petition against the same defendants in the Iowa District Court for Polk County. She alleged the same Title VII and chapter 601A violations and added related tort and contract grounds for recovery.

Both parties filed motions for summary judgment. The district court granted the defendants' motion, ruling that Shumaker was barred by claim preclusion from litigating her Iowa civil rights claim in state court.

### I. *The Law.*

The Iowa law of claim preclusion closely follows the Restatement (Second) of Judgments. *See Riley v. Maloney,* 499 N.W.2d 18, 20 (Iowa 1993) (citing Restatement (Second) of Judgments §§ 19, 41 (1982)); *Leuchtenmacher v. Farm Bureau Mut. Ins. Co.,* 460 N.W.2d 858, 860–61 (Iowa 1990) (applying Restatement § 24).

In our analysis, we rely in part on federal cases, which are also based on the Restatement. *See* 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4401, at 5–6 (1984) [hereinafter Wright]; *see, e.g., Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985) (citing Restatement provisions 24, 25, and 26).

■ The general rule is that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103, 108 (1981).

Claim preclusion under the doctrine of res judicata is based on the principle that a party may not split or try his claim piecemeal, but must put in issue and try his entire claim or put forth his entire defense in the case on trial. . . .

. . . .

[To make that determination, it] is necessary to determine whether plaintiff's first and second actions were the same claim or cause of action within the meaning of this principle.

*B & B Asphalt Co. v. T.S. McShane Co.,* 242 N.W.2d 279, 286 (Iowa 1976) (citations omitted). Preclusion applies if the acts complained of and the recovery demanded in the second claim are the same or when the same evidence will support both actions. *Id.*

### II. *Application of the Law.*

■ Shumaker does not dispute that the same parties and the same claims are involved here. She argues, however, that her state law claim is not precluded because its merits were not finally adjudicated by the federal court. In response, the DOT contends that Shumaker was given the opportunity to have the federal court decide her state law claim but abandoned it and therefore should be precluded from bringing it again in state court.

■ Claim preclusion applies not only to matters actually determined in an earlier action but to all relevant matters that could have been determined. *United States v. Gurley,* 43 F.3d 1188, 1195 (8th Cir.1994); *see also Lane v. Peterson,* 899 F.2d 737, 741 (8th Cir.) ("res judicata precludes the relitigation of a claim on grounds that were raised or could have been raised in the prior action"), *cert. denied,* 498 U.S. 823, 111 S.Ct. 74, 112 L.Ed.2d 48 (1990).

■ If, however, a claim could not have been presented in the first action because of limitations in subject matter jurisdiction, it will not be precluded in a later action. In this connection, section 26 of the Restatement provides:

Exceptions to the General Rule
Concerning Splitting.

(1) When any of the following circumstances exists, the general [preclusion] rule of § 24 does not apply to extinguish the

claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant:

. . . .

(c) The plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts or restrictions on their authority to entertain multiple theories or demands for multiple remedies or forms of relief in a single action, and the plaintiff desires in the second action to rely on that theory or to seek that remedy or form of relief. . . .

*Accord Kale v. Combined Ins. Co.*, 924 F.2d 1161, 1167 (1st Cir.), *cert. denied*, 502 U.S. 816, 112 S.Ct. 69, 116 L.Ed.2d 44 (1991). The Restatement explains:

When the plaintiff brings an action on the claim in a court, either state or federal, in which there is no jurisdictional obstacle to his advancing both theories or grounds, but he presents only one of them, and judgment is entered with respect to it, he may not maintain a second action in which he tenders the other theory or ground. If, however, the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground (or, having jurisdiction, would clearly have declined to exercise it as a matter of discretion), then a second action in a competent court presenting the admitted theory or ground should be held not precluded.

§ 25 cmt. e. The reasoning behind this rule is that, when there are barriers that prevent a litigant from advancing a theory in an initial suit, it is unfair to preclude a second action in which those claims can be presented. *McNasby v. Crown Cork & Seal Co.*, 888 F.2d 270, 276 (3d Cir.1989) (citing Restatement (Second) of Judgments § 26 cmt. c), *cert. denied*, 494 U.S. 1066, 110 S.Ct. 1783, 108 L.Ed.2d 784 (1990). Shumaker argues that this is the case here; the federal court did not have subject matter jurisdiction over

her Iowa civil rights claim, and therefore, her later claim is not precluded.

It is undisputed that Shumaker could have joined her Iowa civil rights claim with a federal Title VII claim and tried them to conclusion in state court. *See Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 826, 110 S.Ct. 1566, 1570, 108 L.Ed.2d 834, 841 (1990). The problem in this case, however, is that the plaintiff chose as her first forum the federal district court, whose options, because of the Eleventh Amendment, are more restricted.

Federal courts apply the doctrine of pendent jurisdiction to determine whether they will join state claims.[1] In *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Court adopted a two-part test for determining when a federal court should exercise pendent jurisdiction over state claims. Basically, the test requires the court to (1) have the power to hear the case, and (2) use its discretion to determine whether it is proper to hear the claims together. *Id.* at 725–27, 86 S.Ct. at 1138–40, 16 L.Ed.2d at 227–28.

Shumaker contends that the court would not have exercised pendent jurisdiction over her state claim because the Eleventh Amendment deprived it of subject matter jurisdiction to consider her state claim. However, the Eleventh Amendment does not raise a matter of subject matter jurisdiction. While it may be raised as a defense, it can be waived by consent or a voluntary appearance, by statute, or by the state's conduct in the suit. 13 Wright, Miller & Cooper, § 3524, at 160–64.

The federal court in this case might have considered the state-law claim in the exercise of its pendent jurisdiction based on "considerations of judicial economy, convenience and fairness to litigants." *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139, 16 L.Ed.2d at 228. Both the federal and state claims are based on the same alleged conduct by the defendants.

The Supreme Court has made it clear that the exercise of pendent jurisdiction is discretionary with the trial court. *Id.* As noted

---

1. The federal court doctrine of pendent jurisdiction applies in this case despite being supplanted by 28 U.S.C. § 1367. The new federal supplemental jurisdiction statute only applies to cases commenced after December 1, 1990. Judicial Improvement Act of 1990, Pub.L. No. 101–650, 104 Stat. 5113 (1990).

by one authority, the effect of *Gibbs* is to broaden pendent jurisdiction and that,

> [a]lthough there are cases in which courts have used their discretion to refuse to hear a pendent claim, these are exceptional, and ordinarily the power is exercised if it is found to exist.

13B Wright § 3567.1, at 144; *see also Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 349, 108 S.Ct. 614, 618–19, 98 L.Ed.2d 720, 729 (1988) ("The Court [in *Gibbs* ] intended this standard [of consolidating claims with a common nucleus] not only to clarify, but also to broaden, the scope of federal pendent jurisdiction.").

Although the practice is not uniform among the circuits, federal courts have considered state discrimination claims in the context of Title VII cases. 13B Wright § 3567.1, at 24 (1995 Supp.). In fact, the Eighth Circuit, under pendent jurisdiction in a Title VII case, ruled on a claim under Iowa Code chapter 601A. *Hall v. Gus Constr. Co.,* 842 F.2d 1010, 1016–17 (8th Cir.1988).

Pendent jurisdiction was not an issue in this case because the plaintiff did not make it an issue. Nor did the federal court find that it lacked subject matter jurisdiction. Its statement that the state claim was "withdrawn" seems to accurately reflect the state of the record: The plaintiff simply did not pursue the possibility of the federal court's ruling on her state claim.

One obvious argument that the plaintiff might have made in federal court would be that the State has waived its Eleventh Amendment defense by enacting a civil rights statute that permitted money damages against the State as well as any other defendants.

Any doubts concerning the federal court's exercise of pendent jurisdiction should be resolved in favor of joinder. *Shaver v. F.W. Woolworth Corp.,* 840 F.2d 1361, 1365–66 (7th Cir.), *cert. denied,* 488 U.S. 856, 109 S.Ct. 145, 102 L.Ed.2d 117 (1988); *Harper Plastics v. Amoco Chems. Corp.,* 657 F.2d 939, 946 (7th Cir.1981).

Under the Restatement, preclusion will apply unless

> the court in the first action would *clearly* not have had jurisdiction to entertain the omitted theory or ground (or, having jurisdiction, would *clearly* have declined to exercise it as a matter of discretion), then a second action in a competent court presenting the omitted theory or ground should be held not precluded.

Restatement (Second) of Judgments § 25 cmt. e (citation omitted) (emphasis added). Further, Restatement section 25, illustration 10, and section 87, illustration 1, provide: "Unless it is clear that the federal court would have declined as a matter of discretion to exercise that jurisdiction ..., the state action is barred." Section 25 of the Restatement starts from the premise that the federal court judge would exercise jurisdiction. "Accordingly, in cases of total silence the state court is left to presume res judicata applies." *Mohamed v. Exxon Corp.,* 796 S.W.2d 751, 756–57 (Tex.App.1990).

In *Shaoul v. Goodyear Tire & Rubber, Inc.,* 815 P.2d 953 (Colo.App.1990), the plaintiff sued under various theories in federal court, based on alleged Title VII violations. The federal court dismissed two claims pertaining to discriminatory practices, and the state court gave these rulings preclusive effect in his later suit in state court. The court of appeals discussed pendent jurisdiction and the plaintiff's failure to pursue it, stating:

> Although the federal court's exercise of pendent jurisdiction is discretionary, considerations of judicial economy, fairness, and the underlying intent of 42 U.S.C. 2000e, prevail upon the court to exercise its jurisdiction over state claims arising out of the same common nucleus of facts which give rise to Title VII claims.... [W]e conclude that plaintiff may not divide his claim based on speculation that the federal court would decline to exercise pendent jurisdiction in the Title VII case.

*Id.* at 955.

The plaintiff in the present case, at the worst, abandoned her state claim in federal court. At best, she failed to seek an adjudication of it under the court's pendent jurisdiction. In either event, we hold that her

later suit is precluded. *See* Restatement (Second) of Judgments § 25 cmt. e; *Mohamed,* 796 S.W.2d at 756–57.

The defendants raise other grounds for affirmance, including a lack of timeliness in the plaintiff's civil rights claim in state court. Because we have resolved the case in the defendants' favor on the ground of claim preclusion, we need not address the other issues.

**AFFIRMED.**

All justices concur except CARTER, J., who concurs in part and dissents in part.

CARTER, Justice (concurring in part; dissenting in part).

I concur in the opinion of the court as to the individual defendants but not as to the Iowa Department of Transportation, which is the alter ego of the State of Iowa.

The opinion of the court assumes that the doctrine envisioned in section 26(1)(c) of the Restatement (Second) of Judgments (1982) is limited to situations in which the first court was without jurisdiction to entertain the claim at issue or exercised a discretion not to consider that claim on the merits. The section 26(1)(c) exception to the "bar" rule is not so narrowly written. It applies in situations in which, as in the present case, the plaintiff in the first court "was unable ... to seek a certain remedy" because of "restrictions on [the first court's] authority to entertain multiple remedies or forms of relief in a single action." Clearly, the federal court in the prior action was unable to entertain the claim for money damages because of the bar imposed by the Eleventh Amendment.

I do not perceive the relevance of the majority's discussion with respect to the State's ability to waive the Eleventh Amendment defense. Clearly, it was not waived in the present case and stood as a restriction on the federal court's ability to award money damages at the time that claim was withdrawn. I also fail to see the relevance of the fact that the plaintiff could have brought the entire action in the state court in the first instance. The doctrine of claim preclusion is almost always asserted in a court that would have had jurisdiction to hear the case in the first instance if it had been brought in that court instead of another court. I would hold that the claim for money damages is not barred by any theory of claim preclusion.