999 F.2d 305
 84 Ed. Law Rep. 913
 Richard A. PENN, Appellant,
v.
IOWA STATE BOARD OF REGENTS; University of Northern Iowa;
Paul Uselding; Betty Anderson; Catherine Cole;
Constantine Curris; James Martin; Lora Rackstraw; Leander
Brown; Susan Salterberg; Jennifer Davis, Appellees.
 No. 92-2133.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 17, 1993.
Decided July 9, 1993.
Rehearing Denied Aug. 4, 1993.
 
 Larry J. Cohrt, Waterloo, IA, argued (Jay P. Roberts, on the brief), for appellant.
 John M. Parmeter, Asst. Atty. Gen., Des Moines, IA, argued, for appellees.
 Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.
 BEAM, Circuit Judge.
 
 
 1
 Richard A. Penn (Penn) appeals the district court's[1] dismissal of his 42 U.S.C. §§ 1983 and 1985 claims. We affirm.
 
 I. BACKGROUND
 
 2
 On May 10, 1989, a student formally accused Penn, who was then a professor at the University of Northern Iowa, of sexual harassment. After a hearing, a University committee found that Penn had harassed the student. Penn appealed to the president of the University and, subsequently, to the Iowa State Board of Regents. The president accepted the hearing committee's findings. On September 22, 1989, the Board of Regents affirmed the president's decision. Penn then filed for state judicial review of the University's finding against him. On November 14, 1990, the Board of Regents reversed its prior decision and expunged all records relating to the harassment claim from Penn's personnel file. The Iowa court then dismissed Penn's action as moot since he no longer worked for the University and his record had been cleared.[2]
 
 
 3
 On December 20, 1991, two years and three months after the Board of Regents' final decision to reprimand him, Penn filed this action. His complaint alleges that the University's investigation of the sexual harassment charge against him was the result of a conspiracy to discredit him and that the University hearing process violated his Fourteenth Amendment rights to due process and equal protection. On January 3, 1992, Penn amended his complaint, setting forth more factual allegations but not amending his theory of the case. Penn also alleged that the University treated him differently than similarly accused professors.[3] On January 31, 1992, appellees filed a motion to dismiss based on, among other grounds, the applicable statute of limitations.[4] Under the local rules of the district court, Penn had fourteen days within which to file a resistance to the motion. Iowa Rules of Court, State and Federal, Rule 14(f). Under this local rule, an unresisted motion may be granted fourteen days after it is filed. Local Rule 14(f). The district court waited ten weeks for Penn to oppose the motion to dismiss. Penn never filed a resistance. On April 9, 1992, the district court granted the motion to dismiss and entered judgment for the appellees, citing both the statute of limitations and Local Rule 14(f). Penn appealed. We ordered Penn to show cause why we should not summarily affirm the district court's judgment on the basis of his failure to comply with Local Rule 14(f).
 
 II. DISCUSSION
 
 4
 On appeal, Penn does not dispute the applicable statute of limitations, but disputes the district court's determination of when the statute began to run. He argues that his complaint states a cause of action for malicious prosecution. If that were true, he contends his cause of action would accrue on December 12, 1990, the date of the Iowa state court's decision mooting his state court action rather than on September 22, 1989, the date of the Board of Regent's final decision affirming his reprimand. In order to make this argument, Penn first asks that this court excuse his failure to oppose appellees' motion to dismiss.[5] Then, he asks this court to retroactively amend his complaint for him, importing into it a claim for malicious prosecution.
 
 
 5
 We find Penn's failure to oppose appellees' motion to dismiss problematic. District courts have the duty and power to manage their dockets and we will not intervene in the absence of an abuse of discretion. Janousek v. French, 287 F.2d 616 (8th Cir.1961). The district court, in an exercise of obvious restraint, waited eight weeks beyond a clear and unambiguous filing deadline before dismissing Penn's complaint. We do not decide this issue of abuse of discretion, however, because of the district court's alternative holding.
 
 
 6
 The district court correctly ruled that Penn's amended complaint was barred by the statute of limitations. When considering a motion to dismiss for failure to state a claim, a court must accept the factual allegations in the complaint as true, and may not consider evidence outside the complaint. Cruz v. Beto, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972). Therefore, to survive the motion to dismiss, Penn's complaint must allege all the necessary elements showing he is entitled to relief. Although complaints are to be liberally construed, they may be dismissed where it appears beyond a reasonable doubt that the plaintiff can prove no set of facts which entitles him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). A necessary element of a malicious prosecution claim is that the prosecution be without probable cause. Wilson v. Hayes, 464 N.W.2d 250, 259 (Iowa 1990). Penn nowhere alleges that the student's complaint did not give the staff of the University cause to investigate or to hold a hearing.[6] In fact, the allegations in his complaint show beyond a reasonable doubt that he is not entitled to relief. The complaint alleges that there was a field trip to New Orleans, Penn was a chaperon, one of Penn's students got very drunk, Penn accompanied her back to the hotel, they were alone together, and the student subsequently complained that Penn had kissed her during this incident. No clearer case of probable cause to investigate an allegation of sexual harassment could be made. Probable cause defeats a malicious prosecution action, even if the plaintiff shows malice. See id. at 259. Therefore, Penn's argument must fail. Penn's complaint not only fails to state a claim for malicious prosecution but facially demonstrates that he cannot state such a claim.
 
 
 7
 On the face of the complaint, the last act of deprivation of due process and equal protection of which Penn complains occurred September 22, 1989, more than two years before Penn filed this action. The parties agree that the applicable statute of limitations for section 1983 and section 1985 claims is the two-year Iowa statute of limitations for personal injury. See Wilson v. Garcia, 471 U.S. 261, 264-65, 105 S.Ct. 1938, 1941, 85 L.Ed.2d 254 (1985). The district court therefore properly dismissed Penn's section 1983 and section 1985 actions as time-barred.
 
 III. CONCLUSION
 
 8
 For the reasons stated above we affirm the district court's judgment.
 
 
 
 [1]
 The Honorable Edward J. McManus, Senior District Judge, United States District Court for the Northern District of Iowa
 
 
 [2]
 Penn had been informed that his contract would not be renewed prior to these events
 
 
 [3]
 Penn has since acquiesced to appellees' contention that the University and the Board of Regents are not "persons" who may be sued for the purposes of either section 1983 or section 1985. Neither party alleges that the staff of the University, in their individual capacities, is exempt from either section
 
 
 [4]
 Appellees also argued to the district court that Penn could not state a claim under section 1985 because he did not and could not make the necessary allegation that he is a member of a protected class. On appeal Penn attempts to satisfy the protected class requirement by arguing that he is a "whistleblower." Because Penn did not raise this allegation before the district court, and because we find the statute of limitations bars any conspiracy action under section 1985, we do not consider either appellees' or Penn's arguments on this point
 
 
 [5]
 As cause for his failure to oppose appellees' motion to dismiss, Penn offers counsel's busy schedule, the confusion attending the elevation of Judge Hansen, the judge originally assigned the case, and the assumption that the motion to dismiss would not be considered for some time. We do not find these excuses persuasive
 
 
 [6]
 The core of Penn's grievance, as stated in his amended complaint, is that the process he received was flawed and uneven, not that the situation merited no action whatsoever by the University