**Richard A. PENN, Appellant,**

v.

**IOWA STATE BOARD OF REGENTS, University of Northern Iowa, Paul Uselding, Betty Anderson, Constantine Curris, James Martin, Lora Rackstraw, Leander Brown, Susan Saltberg, and Jennifer Davis, Appellees.**

**Richard A. PENN, Appellant,**

v.

**Catherine COLE, Appellee.**

No. 95–1239.

Supreme Court of Iowa.

March 25, 1998.

Rehearing Denied May 11, 1998.

Larry J. Cohrt of Swisher & Cohrt, P.L.C., Waterloo, and Jay P. Roberts of Beecher, Rathert, Roberts, Field, Walker & Morris, P.C., Waterloo, for appellant.

Gene Yagla and Karla J. Shea of Yagla, McCoy & Riley, P.L.C., Waterloo, for appellee Catherine Cole.

Thomas J. Miller, Attorney General, and Gordon E. Allen, Deputy Attorney General, for remaining appellees.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, NEUMAN, and TERNUS, JJ.

PER CURIAM.

The plaintiff, a former university professor, appeals from the summary judgment rulings dismissing his separate lawsuits against a former student and various university defendants. The two cases were consolidated on appeal. We conclude all of the claims against the university defendants are barred by claim preclusion and affirm the summary judgment ruling in their favor. As to the claims against the student, we find all claims are barred by issue preclusion or the statute of limitations, except for the malicious prosecution claim, and affirm in part and reverse in part.

*I. Facts and Background Proceedings.*

This case stems from a sexual harassment claim filed by defendant Catherine Cole against plaintiff Richard Penn. At the time, Cole was a student and Penn was a professor at the University of Northern Iowa (UNI). Penn allegedly sexually harassed Cole following an awards banquet in April 1989. Cole filed a sexual harassment complaint with UNI on May 10, 1989. Following a hearing on May 24, 1989, a committee found Penn guilty of harassment. Penn appealed, and the committee's findings were accepted by the president of UNI, and then by the Board of Regents on September 22, 1989. Penn filed a petition for judicial review with the district court challenging the Board's affirmance. While the petition was pending, the Board reversed its decision on November 14, 1990. The Board then filed a motion to dismiss the petition for judicial review, and, on December 12, 1990, the district court granted the motion and dismissed the petition as moot.

On December 20, 1991, Penn filed a complaint in federal district court against the Board, UNI, various university personnel, and Cole. (We will refer to the Board, UNI and the various university personnel collectively as "the University.") Cole was never served with the complaint and did not litigate her interests. Penn sought recovery for the deprivation of his constitutional and civil rights under 42 U.S.C. §§ 1983 and 1985 for the handling of Cole's administrative complaint. He alleged the defendants conspired to discredit him and treated him differently than other professors. No state law claims were alleged.

The University filed a motion to dismiss, arguing, in part, the two-year statute of limitations under Iowa Code section 614.1(2) (1989) had run. On April 9, 1992, the federal district court dismissed the suit based upon the running of the statute of limitations and Penn's failure to resist the motion to dismiss.

Penn appealed and the decision was upheld on July 9, 1993. *Penn v. Iowa State Bd. of Regents,* 999 F.2d 305 (8th Cir.1993). The Eighth Circuit Court of Appeals found the last act of deprivation of due process and equal protection occurred on September 22, 1989, the date the Board upheld the president's decision, more than two years prior to the filing of the complaint. *Id.* at 307. It

also determined the complaint failed to state a claim for malicious prosecution under Iowa law because probable cause existed for the investigation of Cole's administrative complaint and the subsequent hearing. *Id.*

While the federal case was on appeal, Penn filed a petition in state court against Cole and the University on November 16, 1992, alleging six counts: count I, various constitutional violations; count II, malicious prosecution; count III, abuse of process; count IV, slander; count V, invasion of right of privacy; and count VI, intentional infliction of emotional trauma. The University was later dismissed from the case because Penn did not comply with the statutory requirements of Iowa Code chapter 669 (1991) (Tort Claims Act); only Cole remained as a defendant.

On November 19, 1993, Penn filed another petition against the University alleging the same six counts as contained in his petition against Cole and count VII, breach of contract. The factual allegations and constitutional claims in these state law petitions are nearly identical to the complaint filed in federal court.

The University and Cole filed motions for summary judgment. On June 16, 1995, the district court sustained both motions. Regarding the University's motion, the court concluded sovereign immunity, pursuant to Iowa Code section 669.14(4), barred counts II through VI. It granted summary judgment on counts I, II, and VII based upon the doctrines of claim and issue preclusion because of the federal action. The court also found counts I through VI were barred by the statute of limitations based upon the federal court's determination that Penn's claims accrued on or before September 22, 1989. Regarding Cole's motion, it found summary judgment was proper based upon claim and issue preclusion.

Penn appealed both cases. We consolidated the appeals and granted a limited remand to correct certain procedural irregularities. On March 5, 1996, the district court again granted Cole summary judgment based upon claim and issue preclusion.

## II.  Arguments of the Parties.

On appeal, Penn argues the district court erred in sustaining Cole's motion for summary judgment because (1) res judicata does not apply because the federal court never reached the merits of the claims and Cole was not a party to the federal action, and (2) the federal court's decision regarding the statute of limitations only addressed the §§ 1983 and 1985 claims, not the malicious prosecution and abuse of process claims which were filed within two years of the dismissal of his petition for judicial review.

Penn also claims the trial court erroneously sustained the University's motion for summary judgment. He concedes counts II through VI are barred by sovereign immunity for the Board and UNI, but not the individual defendants. He also contends his petition is not precluded by res judicata or the statute of limitations.

Cole and the University argue Penn was required to assert all of his claims in the federal action; therefore, his claims are barred under the doctrines of claim and issue preclusion. Additionally, Cole asserts Penn's claims are also barred by the statute of limitations. The University alternatively contends counts II through VI are barred by sovereign immunity, and the exclusive remedy for count VII, the contract claim, is judicial review because it involves an agency action.

## III.  Scope of Review.

This court reviews a summary judgment ruling for error of law. *Shriver v. City of Okoboji,* 567 N.W.2d 397, 400 (Iowa 1997). Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Id.* The court reviews the record before the district court to determine whether an issue of material fact exists, and if not, whether the district court properly applied the law. *Id.* The facts are reviewed in the light most favorable to the nonmoving party. *Id.* A summary judgment ruling may be sustained on any alternative ground presented to the district court. *Regent Ins. Co. v. Estes Co.,* 564 N.W.2d 846, 848 (Iowa 1997).

### IV. Applicable Law.

#### A. Issue Preclusion.

Issue preclusion, or collateral estoppel, "prevents a party to a prior action in which a judgment has been rendered from relitigating in a subsequent action issues raised and resolved in the previous action." *Brown v. Kassouf*, 558 N.W.2d 161, 163 (Iowa 1997). The doctrine serves a dual purpose: (1) it protects litigants from the "'vexation of relitigating identical issues with identical parties or those persons with a significant connected interest to the prior litigation,'" and (2) it prevents unnecessary litigation thereby furthering the interest of judicial economy and efficiency. *American Family Mut. Ins. Co. v. Allied Mut. Ins. Co.*, 562 N.W.2d 159, 163 (Iowa 1997) (quoting *State ex rel. Casas v. Fellmer*, 521 N.W.2d 738, 740–41 (Iowa 1994)).

Four prerequisites must be established for issue preclusion to apply: (1) the issue determined in the prior action and the present issue are identical; (2) the issue was raised and litigated in the prior action; (3) the issue was material and relevant to the prior action's disposition; and (4) the determination made of the issue in the prior action was necessary and essential to the resulting judgment. *American Family*, 562 N.W.2d at 163–64; *Brown*, 558 N.W.2d at 163. Additionally, a status test must also be met— there must be mutuality of parties (the parties must be the same) or there must be privity "between the party against whom issue preclusion is invoked and the party against whom the issue was decided in the first litigation." *Brown*, 558 N.W.2d at 163. A "privy" for purposes of this doctrine is "'one who, after rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, or purchase.'" *Id.* (quoting *Goolsby v. Derby*, 189 N.W.2d 909, 914 (Iowa 1971)). This status test is not required where issue preclusion is invoked defensively if the party against whom the issue preclusion is invoked was "'so connected in interest with one of the parties in the former action as to have had a full and fair opportunity to litigate the relevant claim or issue and be properly bound by its resolution.'" *Id.* (quoting *Opheim v. American Interinsurance Exch.*, 430 N.W.2d 118, 120 (Iowa 1988)).

#### B. Claim Preclusion.

In contrast to issue preclusion, claim preclusion is a bar to further litigation of a claim following a final adjudication or judgment on the merits. *B & B Asphalt Co. v. T.S. McShane Co.*, 242 N.W.2d 279, 286 (Iowa 1976). Claim preclusion, however, forwards similar purposes of judicial economy and efficiency: it prevents piecemeal litigation by requiring a party to try the entire claim or defense in the case at trial. *Id.* Therefore, a party must litigate all matters growing out of the claim, and claim preclusion will apply "not only to matters actually determined in an earlier action but to all relevant matters that could have been determined." *Shumaker v. Iowa Dep't of Transp.*, 541 N.W.2d 850, 852 (Iowa 1995); *see also B & B Asphalt Co.*, 242 N.W.2d at 286.

Identity of the parties is another fundamental feature of this doctrine. *Selchert v. State*, 420 N.W.2d 816, 818 (Iowa 1988). Insufficient identity of the parties will defeat its application. *Id.* Therefore, the use of claim preclusion is only applicable to parties and their privies to the prior judgment. *Riley v. Maloney*, 499 N.W.2d 18, 20 (Iowa 1993). The definition of privity is identical to that used for issue preclusion. *See id.*

With these general principles to guide us, we now turn to the claims against Cole and the University.

### V. Claims against Cole.

Due to the prior federal court judgment, the district court granted Cole summary judgment based upon the doctrines of claim and issue preclusion.

#### A. Claim Preclusion.

We find Cole cannot assert claim preclusion to bar Penn's claims. As previously stated, claim preclusion applies to parties or their privies. Cole was never served with the federal complaint, and did not par-

ticipate in the federal litigation. She cannot now claim she was a party to that prior litigation. *See Gulf Island–IV, Inc. v. Blue Streak–Gulf IS OPS*, 24 F.3d 743, 746–47 (5th Cir.1994); *Coppotelli v. Insurance Co. of N. Am.*, 631 F.2d 146, 149–50 (2d Cir.1980). Cole is also not in privity with the University: she has no direct affiliation with the University and has not acquired an interest in the subject matter affected by the judgment through or under the University, as by inheritance, succession or purchase. *See Brown*, 558 N.W.2d at 163. A common interest in a prior judgment alone is not sufficient to establish privity. The district court erred in finding claim preclusion barred Penn's claims against Cole.

### B. Issue Preclusion.

Unlike claim preclusion, issue preclusion does not require mutuality of parties if it is being invoked defensively against a party so connected to the former action as to be bound by that resolution. *Brown*, 558 N.W.2d at 163. "Defensive use" means: "[A] stranger to the judgment [in the former action], ordinarily the defendant in the second action, relies upon [that] judgment as conclusively establishing in his favor an issue which· he must prove as an element of his defense." *Id.* at 164 (quoting *Hunter v. City of Des Moines*, 300 N.W.2d 121, 123 (Iowa 1981)).

In this case, Cole is attempting to use the federal case defensively to prove the statute of limitations has run on all causes of action and the facts do not support a malicious prosecution claim. Therefore, mutuality is not required; however, Cole must meet the other requirements for this doctrine to apply. Penn argues the prior federal court judgment does not bar a subsequent suit because the federal dismissal was based upon the statute of limitations and did not constitute an adjudication on the merits. He appears to be attacking the traditional prerequisite that the prior judgment or adjudication be valid and final. *See Goolsby v. Derby*, 189 N.W.2d 909, 913, 916 (Iowa 1971).

We have previously held that a dismissal based upon the running of the statute of limitations is an "adjudication" for purposes of claim preclusion. *State ex rel. Iowa Dep't of Human Servs. v. Mundie*, 436 N.W.2d 60, 61 (Iowa 1989). Other courts are in accord. *See Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 870 F.2d 1044, 1046 (5th Cir.1989); *Myers v. Bull*, 599 F.2d 863, 865 (8th ·Cir.1979); *Nitz v. Nitz*, 456 N.W.2d 450, 452 (Minn.Ct.App.1990). *See generally* 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4441, at 366–69 (1984 & Supp.1997) [hereinafter Wright]. We find a dismissal on statute of limitations grounds is a final and valid judgment for purposes of issue preclusion. Although dismissals on such grounds can create problems in the application of preclusion principles when the second action is brought in a different court or involves separate but closely related claims, *see* 18 Wright § 4441, at 366; *Austin v. Super Valu Stores, Inc.*, 31 F.3d 615 (8th Cir.1994), we are not confronted with any complex choice of law issues in this case. The federal court clearly applied the Iowa two-year statute of limitations for personal injury actions. *See Penn*, 999 F.2d at 307.

Penn is bound by the federal court's final determination that the constitutional claims accrued on September 22, 1989. Penn's petition was not filed against Cole until November 16, 1992; therefore, his constitutional claims are barred by the statute of limitations.

Although the federal court addressed the malicious prosecution claim on the merits, that court only considered that claim as it related to the University. The federal court did not determine whether there was a valid claim against Cole. Therefore, Cole cannot use issue preclusion to bar the malicious prosecution claim against her because that issue was never actually litigated, a fundamental requirement in the issue preclusion analysis. Similarly, the remaining state law claims were also not raised in federal court, and the federal court did not specifically address the statute of limitations for each of those claims. Therefore, issue preclusion does not apply to these claims.

We find issue preclusion supports the granting of summary judgment on the consti-

tutional claims, but not on the remaining state law claims.

### C. Statute of Limitations.

■ Cole argues that even if we do not apply issue or claim preclusion, the statute of limitations on the state law claims has run. Cole also raised this claim before the district court in her motion for summary judgment. Although we disagree with the grant of summary judgment based on claim and issue preclusion, the motion may nonetheless be sustained on the alternative ground presented to the district court. *See Regent Ins. Co.,* 564 N.W.2d at 848.

Pursuant to Iowa Code section 614.1(2) (1991), the statute of limitations for these causes of actions is two years. As Cole points out, the November 1, 1992 petition alleges facts which occurred in 1989 and 1990. Penn argues the abuse of process and malicious prosecution claims accrued on December 12, 1990, the date of the dismissal of the judicial review petition.

All of Cole's alleged action or conduct occurred in 1989; Penn did not allege any specific act by her after the May 24, 1989 hearing. Because Penn does not allege any conduct by Cole after May 1989 or any fact which would support that she was involved in any subsequent action taken by the University to support a conspiracy theory, the claims for slander, invasion of right of privacy, and intentional infliction of emotional trauma are barred by the statute of limitations.

■ Turning to the abuse of process claim, we note that the general rule is the statute of limitation commences from "the termination of the acts which constitute the abuse complained of, and not from the completion of the action in which the process issued." J.A. Bock, Annotation, *When Statute of Limitations Begins to Run Against Action for Abuse of Process,* 1 A.L.R.3d 953, 954 (1965 & Supp.1997); *see also Strutz v. McNagny,* 558 N.E.2d 1103, 1106 (Ind.Ct. App.1990). Contrary to Penn's contentions, his claim for abuse of process commenced from the date Cole committed her last alleged act constituting abuse of process, not the date the petition for judicial review was

dismissed. Cole filed her sexual harassment complaint on May 10, 1989 and she testified at the hearing on May 24, 1989. Penn did not file his petition until November 16, 1992. His abuse of process claim is barred.

■ A malicious prosecution claim, however, does not accrue until the proceedings upon which the action is based are terminated in favor of the defendant. *See Wolfe v. Murphy,* 113 F.2d 775, 776–77 (8th Cir. 1940); *Mills County State Bank v. Roure,* 291 N.W.2d 1, 3–4 (Iowa 1980). Although the Board voluntarily dismissed the claim against Penn and expunged the records on November 14, 1990, the petition for judicial review challenging the Board's initial determination was not dismissed until December 12, 1990. Therefore, proceedings upon which the action is based was not terminated until December 12, 1990. Penn's malicious prosecution claim was timely filed.

In summary, we affirm the summary judgment ruling on all of the claims against Cole, except the malicious prosecution claim. We do not address the merits of the malicious prosecution claim as that issue is not properly before us at this juncture.

### VI. Claims against the University.

■ In the federal suit, Penn raised § 1983 and § 1985 constitutional claims based upon the malicious prosecution of the sexual harassment complaint. In the state action, Penn raises numerous claims based upon the same facts—the prosecution of the sexual harassment claim. All of these claims stem from the same facts and evidence alleged in the federal law suit. In fact, the petitions are nearly identical, save the added state law claims. This case is controlled by *Shumaker v. Iowa Department of Transportation,* 541 N.W.2d 850 (Iowa 1995).

Shumaker filed a federal claim alleging employment discrimination and sexual harassment by the Iowa Department of Transportation and her supervisors. *Shumaker,* 541 N.W.2d at 851. She also pleaded her state law remedy under Iowa Code chapter 601A (1989). *Id.* The federal court granted Shumaker relief for her Title VII claims, but dismissed her claim under chap-

ter 601A as moot because she conceded " 'an action under ... [chapter] 601A is not permitted under the facts of this case and the Eleventh Amendment.'" *Id.*

■ Shumaker later filed a petition against the same defendants in state court, alleging the same Title VII and chapter 601A violations, as well as some added tort and contract claims. *Id.* at 852. We determined Shumaker abandoned her state claim in federal court, she failed to seek an adjudication under the court's pendent jurisdiction,[1] and her state action was barred by claim preclusion. *Id.* at 854–55. We stated "[c]laim preclusion applies not only to matters actually determined in an earlier action but to all relevant matters *that could have been determined.*" *Id.* at 852 (emphasis added). However, claim preclusion does not apply if the claim could not have been presented in the first action based upon subject matter jurisdiction limitations. *Id.* Shumaker endorsed the position set forth in the Restatement (Second) of Judgments that if

> the court in the first action would *clearly* not have had jurisdiction to entertain the omitted theory or ground (or, having jurisdiction, would *clearly* have declined to exercise it as a matter of discretion), then a second action in a competent court presenting the omitted theory or ground should be held not precluded.

*Id.* at 854 (quoting Restatement (Second) of Judgments § 25 cmt. e (citation omitted) (emphasis added)).

As in *Shumaker,* claim preclusion applies to Penn's state law claims because he should have raised them in the federal action and requested the federal court to exercise supplemental jurisdiction. Although it is unknown whether the federal court would have exercised supplemental jurisdiction, as we noted in *Shumaker,* "[a]ny doubts concerning the federal court's exercise of pendent jurisdiction should be resolved in favor of joinder." *Id.*

We find Penn's allegations that he did not gain access to certain documents until June 7, 1991 insignificant to our analysis. He filed his federal claim on January 3, 1992, well after discovery of any unknown causes of action. The district court did not err in granting summary judgment based upon claim preclusion.

Because we have resolved all of the claims against the University on the ground of claim preclusion, it is unnecessary to address the parties' alternative theories and arguments.

*VII. Disposition.*

We affirm the grant of summary judgment for the University. We affirm the grant of summary judgment for Cole on all claims except the malicious prosecution claim. We remand the case to the district court for further proceedings on that claim.

**AFFIRMED AS TO THE UNIVERSITY DEFENDANTS. AFFIRMED IN PART, REVERSED IN PART, AND REMANDED AS TO DEFENDANT COLE.**

---

**1.** *Shumaker* was decided under the doctrine of pendent jurisdiction rather than the current supplemental jurisdiction statute. *Shumaker,* 541 N.W.2d at 853 n. 1.