*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-423

MARCH TERM, 2016

| | |
|---|---|
| Charles Chandler | APPEALED FROM: |
| | |
| | Superior Court, Windham Unit, |
| v. | Civil Division |
| | |
| Matthew Branchaud a/k/a Abatiell Associates | DOCKET NO. 247-6-15 Wmcv |
| and Mark Furlan a/k/a Furlan Associates | |
| | |
| | Trial Judge: Mary Miles Teachout |

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals pro se from a superior court judgment dismissing his claims against defendants on the basis of res judicata or claim preclusion. We affirm.

The facts may be briefly summarized. In 2009, plaintiff was convicted of a felony count of impeding a public officer. In January 2011, he filed a civil-rights complaint in federal district court against several defendants, including Matthew Branchaud and Abatiell Associates, the attorney and law firm that represented him during part of the criminal case. The complaint alleged, in part, that defendants violated his constitutional rights and a number of federal statutes through actions designed to "deliberately lose the case for Chandler" because defendants were not "getting what they felt was their full payment." In September 2011, the district court issued a written decision dismissing the complaint. The court concluded that, as to defendants, the complaint failed to allege facts sufficient to state a claim. The court of appeals affirmed.

In June 2015, plaintiff filed this action against defendants Branchaud and Abatiell Associates, as well as defendant Furlan, who was employed by the same firm. The complaint alleges that defendants committed a breach of contract and violated his constitutional rights in part from "when the plaintiff employed the defendants to represent him in" the criminal case and "chose to secretly sabotage and/or deliberately lose the plaintiff's case due to a money dispute." Defendants moved to dismiss the complaint on the ground that it was barred by the adverse judgment in the federal action. The trial court granted the motions. This pro se appeal followed.

As the trial court accurately explained, under the doctrine of claim preclusion a final judgment in a previous litigation "bars subsequent litigation if the parties, subject matter, and cause(s) of action in both matters are the same or substantially identical." Faulkner v. Caledonia Cty. Fair Ass'n, 2004 VT 123, ¶ 8, 178 Vt. 51. "The doctrine applies both to claims that were or should have been litigated in the prior proceeding." Id. In determining identity between actions, we have adopted a broad approach, "requiring a plaintiff to address in one lawsuit all injuries emanating from all or any part of the transaction, or series of connected transactions, out of which the action arose." Id. ¶ 12 (quotation omitted).

The trial court here correctly concluded that plaintiff's state action is barred by the prior judgment in the federal case, observing that "both sets of claims arise directly out of the same transaction, Attorney Branchaud's representation of [plaintiff] in his criminal case" and that plaintiff "could have brought the claims in this case against Attorney Branchaud in the federal case." Furthermore, although attorney Furlan was not a named defendant in the prior action, the court noted that the complaint alleges that he was part of the firm and was "aware" of attorney Branchaud's actions and thus had a sufficient identity of interest to be covered by the doctrine. Plaintiff has not specifically challenged this conclusion, and we find no basis to disturb it.

Although not clearly raised, plaintiff appears to assert that res judicata cannot apply because the federal court in the prior action lacked "jurisdiction" over his state law claims. On the contrary, federal law expressly provides for "supplemental jurisdiction" over state claims "that are so related to claims in the action . . . that they form part of the same case or controversy," 28 U.S.C. § 1367(a), and this action falls within the rule. See, e.g., River Park, Inc. v. City of Highland Park, 703 N.E.2d 883, 896 (Ill. 1998) (holding that dismissal of plaintiff's federal civil rights action barred subsequent state tort claims that could have been asserted in federal court under supplemental jurisdiction rule); Penn v. Iowa State Bd. of Regents, 577 N.W.2d 393, 401 (Iowa 1998) (holding that "claim preclusion applies to [plaintiff's] state law claims [for slander, infliction of emotional distress, etc.] because he should have raised them in the federal [civil rights] action" under supplemental jurisdiction rule).

Accordingly, we discern no basis to disturb the trial court's dismissal of plaintiff's complaint on the basis of claim preclusion. Plaintiff raises a number of additional claims unrelated to the merits of the trial court ruling that we need not address.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice