# IN THE COURT OF APPEALS OF IOWA

No. 19-0818
Filed April 1, 2020

**DEBRA TRUE,**
    Plaintiff-Appellant,

**vs.**

**HERITAGE CARE AND REHABILITATION and CANNON COCHRAN MANAGEMENT SERVICES, INC.,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.

Debra True appeals a ruling she waived her claim to penalty benefits under the workers' compensation act. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Max Schott, Shannon Bravo, and James Neal of Schott Mauss and Associates, PLLC, Des Moines, for appellant.

Chris J. Scheldrup and Dillon J. Carpenter of Scheldrup-Wiltfang Corridor Law Group, P.C., Cedar Rapids, for appellees.

Considered by Bower, C.J., and Greer and Ahlers, JJ.

**BOWER, Chief Judge.**

Debra True appeals the workers' compensation commissioner's interpretation of an administrative rule and the commissioner's finding that she waived her claim to penalty benefits by not pursing it in her initial claim under the workers' compensation act. The commissioner's interpretation of the rule was not wholly unreasonable, and substantial evidence supports the finding True waived her pre-hearing penalty-benefit claims by failing to follow the procedures in the administrative rule. However, because a later claim may have arisen after the initial hearing and ruling, we reverse and remand with directions that the matter be remanded to the commissioner to consider True's post-hearing penalty-benefit claim.

## I. Background Facts & Proceedings

On January 23, 2010, True injured her right shoulder while working as a dietary aide at Heritage Care and Rehabilitation (Heritage Care). Heritage Care provided True medical benefits pursuant to Iowa Code section 85.27(1) (2010). True did not miss any work, so she was not entitled to temporary disability benefits. Medical records indicated a "chronic longstanding" shoulder injury.

On March 1, 2011, True filed a petition with the workers' compensation commission (WCC). The petition sought medical benefits only.

On January 20, 2012, three days before the statute of limitations expired, True filed a motion to amend her petition seeking "weekly benefit rate; nature and extent of temporary and permanent disability benefits; [section] 85.39 [independent medical examination (IME)] expenses; mileage; and penalty" to the petition's statement of disputes for the case. True paid the filing fee for an original

notice and petition in arbitration when she filed her motion to amend. The deputy commissioner (deputy) initially denied the motion.

A hearing—scheduled for the medical-benefits claim but addressing only True's motion to amend her petition—occurred February 24. The parties submitted a hearing report identifying disputed issues. The issues listed on the report were permanent partial disability, alternate care, and an independent evaluation reimbursement. Penalty benefits were not included on the report. During the hearing, True's attorney interrupted Heritage Care's counsel's argument with the following exchange:

> [ATTORNEY FOR HERITAGE CARE]: If claimant and her counsel chose to amend this petition, they could have done so any time since it was filed . . . .
> Are we prejudiced? Is the employer prejudiced? Absolutely. Twenty-four hours ago, we assumed that this was going to be a med only hearing. . . .
> Penalty benefits, which is new issue that now has been sought—
> [ATTORNEY FOR TRUE]: That's not on the hearing report. Excuse me.
> [ATTORNEY FOR HERITAGE CARE]: Did you withdraw that? Excuse me. Okay.

After discovering the filing fee had been paid with the motion to amend, the deputy determined the motion should have been treated as an original notice and petition in arbitration. The deputy noted the petition was timely and directed True to refile her notice of petition.

The petition True refiled on February 28 listed as disputes: "Weekly benefit rate; nature and extent of temporary and permanent disability benefits; [section] 85.39 IME expenses; mileage; and date of injury." The refiled petition did not plead "Penalty" as an issue in dispute. However, True's January 20 petition did seek

penalty benefits. True did not file a motion to amend to dismiss the penalty-benefits claim or file a notice of bifurcation to delay the question of the penalty benefits.

A hearing on the January 20 petition was held on May 21. The hearing report submitted identified the following disputed issues: True's entitlement to permanent disability, True's gross weekly earnings, and Heritage Care's statute-of-limitations affirmative defense. On June 20, the deputy found True suffered a permanent partial disability and awarded her corresponding benefits.

In the agency appeal, the commissioner's ruling addressed the motion to amend and statute-of-limitations question. The commissioner held True "fully, as opposed to substantially, complied with the administrative rules relating to the timeliness of her petition and the payment of the applicable filing fee." The January 20 petition, not the February 28 restatement, was the timely and controlling pleading for True's additional claims.

In an earlier appeal, this court affirmed the commissioner's decision, noting a motion to amend was the proper procedural course in this case, the motion was filed before the statute of limitations had expired, and the employer was not prejudiced by the amendment. *Heritage Care & Rehab. v. True*, No. 14-0579, 2015 WL 1055089, at *4 (Iowa Ct. App. Mar. 11, 2015). Heritage Care paid True the owed benefits plus interest on March 25, 2015.

On April 1, 2015, True filed a new petition relating to the prior action and identifying "Penalty" as the disputed benefits. A hearing report submitted by the parties further specified the issue as "Penalty for: failure to conduct a reasonable investigation; failure to contemporaneously communicate the investigation findings

to Ms. True; delay in obtaining impairment rating; and unreasonable delay in payment of benefits." At the time of the hearing, True was still employed by and had not missed any work at Heritage Care due to her disability.

In a December 19, 2016 decision, the deputy found True had waived her penalty-benefits claim by failing to bifurcate the penalty issue pled in the January 20, 2012 motion to amend and failing to present the penalty claim for adjudication at the administrative hearing on her petition.

On intra-agency appeal, the commissioner found the deputy's analysis of the penalty benefits issue well-reasoned and affirmed the deputy's findings of fact and conclusions of law—specifically the conclusion that True had waived her claim for penalty benefits. The district court also affirmed, noting the January 20, 2012 amendment—as the last timely-filed petition—constituted the controlling pleading for benefits. The court found True's failure to brief, include in the hearing report, or argue at the May 2012 hearing her claim for penalty benefits acted as an implied waiver of the issue. The court concluded that because True waived her right to penalty benefits in the May 2012 hearing, True could not refile for the benefits.

True appeals.

## II. Standard of Review

A district court decision rendered in an appellate capacity is examined for correction of errors at law. In making such a determination, we apply the standards of Iowa Code section 17A.19[(10)], which provides an agency decision may be reversed where substantial rights of a party have been prejudiced and the action is unsupported by substantial evidence or affected by errors of law, to determine if our conclusion would be the same as that of the district court. If so, we must affirm; if not, reversal is appropriate.

*Christensen v. Snap-On Tools Corp.*, 554 N.W.2d 254, 257 (Iowa 1996) (citation omitted); *see also Puntenney v. Iowa Utils. Bd.*, 928 N.W.2d 829, 836 (Iowa 2019). "'[W]e give an agency substantial deference when it interprets its own regulations,' so long as such interpretation is not in violation of the rule's plain language and clear meaning." *Des Moines Area Reg'l Transit Auth. v. Young*, 867 N.W.2d 839, 842 (Iowa 2015).

### III. Analysis

True concedes the commissioner's interpretation of the plain language of Iowa Administrative Code rule 876–4.2 is entitled to "appropriate deference" when discretion to do so has been vested in the agency by a provision of law. *See Puntenney*, 928 N.W.2d at 836. The commissioner may award penalty benefits if benefits were unreasonably delayed or denied. Iowa Code § 86.13(4)(a). The Code provides,

> If a denial, a delay in payment, or a termination of benefits occurs without reasonable or probable cause or excuse known to the employer or insurance carrier at the time of the denial, delay in payment, or termination of benefits, the workers' compensation commissioner shall award benefits in addition to those benefits payable under this chapter, or chapter 85, 85A, or 85B, up to fifty percent of the amount of benefits that were denied, delayed or terminated without reasonable or probable cause or excuse.

*Id.*

But True asserts the commissioner's interpretation of Iowa Administrative Code rule 876—4.2 cannot be upheld as a matter of law or is otherwise unjustifiable. We disagree.

Rule 876—4.2 addresses penalty-benefits claims:

> Entitlement to denial or delay benefits provided in Iowa Code section 86.13 shall be pled, and if pled, discovery shall be limited to

matters discoverable in the absence of such pleading unless it is bifurcated. The claimant may bifurcate the denial or delay issue by filing and serving a notice of bifurcation at any time before a case is assigned for hearing, in which case discovery on that issue may proceed only after the final decision of the agency on all other issues.

This rule is intended to implement Iowa Code sections 86.13, 86.18 and 86.24.

True pled penalty benefits in her January 20 amendment, meeting the "shall be pled" threshold of the rule. However, following the January 20 pleading, True took no further action on her claim for penalty benefits—neither pursuing them in the initial proceeding or serving a notice of bifurcation.

True claims to have withdrawn the original penalty issue by not including it in her refiled petition in February 2012. The commissioner's ruling and our opinion in the first proceedings made it clear the January 20 filing was the amended petition in effect, not the post-statute-of-limitations February refiled petition. *See Heritage Care*, 2015 WL 1055089, at *4. An additional amendment subsequent to the January 20 filing to withdraw penalty benefits from the petition would have required leave from the deputy or commissioner or written consent from Heritage Care, none of which can be found in the record. *See* Iowa Admin. Code r. 876—4.9(5). True could not withdraw the penalty benefits issue after the January 20 amendment by simply ignoring it and not listing it as a claimed benefit in her refiled petition in February.

The commissioner ruled True's failure to pursue or bifurcate her penalty-benefits claim constituted waiver of all claim for penalty benefits. True is attempting to litigate in a piecemeal fashion assorted claims under the workers' compensation law. As the deputy stated, "Claimant does not have the right to a

'second bite of the apple.'" Without specifically identifying the principle, the commissioner's analysis applies the doctrine of claim preclusion.

The doctrine of claim preclusion requires a party "to try the entire claim or defense in the case at trial." *Penn v. Iowa State Bd. of Regents*, 577 N.W.2d 393, 398 (Iowa 1998). "[A] party must litigate all matters growing out of the claim, and claim preclusion will apply 'not only to matters actually determined in an earlier action but to all relevant matters that could have been determined.'" *Id.* (citation omitted). In other words, "[c]laim preclusion may preclude litigation on matters the parties never litigated in the first claim." *Pavone v. Kirke*, 807 N.W.2d 828, 835 (Iowa 2011).

> Claim preclusion requires three elements:
>
> (1) the parties in the first and second action are the same parties or parties in privity, (2) there was a final judgment on the merits in the first action, and (3) the claim in the second suit could have been fully and fairly adjudicated in the prior case (i.e., both suits involve the same cause of action).

*Id.* Here, the parties are identical and there was a final judgment on the merits of the first action, satisfying the first and second elements. *See Gansen v. Gansen*, 874 N.W.2d 617, 620 (Iowa 2016).

Rule 876—4.2 is relevant to the third element of claim preclusion. The rule recognizes there may be instances where additional facts may be needed for a full and fair adjudication of penalty benefits. It allows a claimant who believes additional discovery may be necessary to file and serve a notice of bifurcation, allowing the issue to be addressed later. Iowa Admin. Code r. 876—4.2. The rule functions to create an exception to claim preclusion when the claimant follows the

specified procedure. The exception does not exist outside the procedural requirements.

True initially pled her penalty-benefits claim as required under the rule. However, upon determining to wait to argue her claim for penalty benefits, True says she "constructively withdrew" the claim by not arguing it at the May 2012 hearing and that her refiling of the claim after the final adjudication of the initial claim essentially turned her "constructive withdrawal" into a "constructive bifurcation" without notice or permission from the commissioner.

The rule provides a specific procedure by which True could bifurcate her claim—a procedure she did not follow. We will not read a constructive bifurcation process into the rule. By pleading and then failing to argue or bifurcate her penalty-benefits claim, True waived her right to penalty benefits that had accrued prior to the May 2012 hearing.

While True waived her right to any pre-hearing penalty benefits, the doctrine of claim preclusion does not apply to any new cause of action that arose after the hearing—post-adjudication delays could not have been fully and fairly adjudicated in the prior proceeding. *See* Iowa Code § 611.19 (permitting successive actions when a new cause of action arises from the same contract or transaction). After the initial pleading, a claimant may file a new penalty-benefits claim due to an employer's behavior after the first claim.

For example, in *Simonson v. Snap-On Tools Corp.*, 588 N.W.2d 430, 436 (Iowa 1999), our supreme court determined a penalty-benefits ruling in the initial action only barred claims based on alleged delays for the time period leading up to initial arbitration ruling. Because Simonson's second claim for penalty benefits

arose from a later period of time, the commissioner had jurisdiction to consider the claim. *Simonson*, 588 N.W.2d at 437 ("[N]othing in the court of appeals decision concerning benefits for the period prior to April 10, 1990 limited Simonson's right to pursue a subsequent claim for delay in benefits during a later different period of time, or the commissioner's jurisdiction to consider such a claim."); *see also Simonson v. Snap-On Tools Corp.*, No. 00-1999, 2002 WL 31113546, at *4 (Iowa Ct. App. Sept. 25, 2002) (noting an employer's duty to act reasonably is a continuing one and requires the employer to reevaluate a claim as additional information becomes available).

Therefore, although True waived or is otherwise precluded from any claim for unreasonable delay that may have occurred prior to the hearing in May 2012, she may pursue a claim for penalty benefits for unreasonable delays in the payment of benefits based on facts arising after the award. We express no opinion as to the merits or defenses of such a claim.

We affirm the agency's dismissal of True's penalty-benefit claims for delays before May 21, 2012. We reverse the decision in part and remand to the district court with directions to remand to the workers' compensation commissioner for an evaluation of whether Heritage Care's delay in paying permanent partial disability benefits between June 20, 2012, and March 25, 2015 was unreasonable.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**